UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOHN R. McCOOL,

                        Petitioner,

    -against-                                              9:18-CV-0708 (LEK)

PENNSYLVANIA ATTORNEY GENERAL,
*et al.*,

                        Respondents.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner John R. McCool has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361, as well as supporting exhibits. Dkt. No. 1 ("Petition"); Dkt. No. 1-1 ("Exhibits"). For the reasons that follow, this action is dismissed for lack of jurisdiction.[1]

**II.    PETITIONER'S SUBMISSIONS**

Petitioner, who is presently in state custody in the Commonwealth of Pennsylvania, contends that, while he was a prisoner in New York State, he "laid claim" that "detainers out of Northumberland County, Pennsylvania and Snyder County, Pennsylvania were" no longer valid under the Interstate Agreement on Detainers ("IAD"). Pet. at 1. According to Petitioner, under the terms of "the Article IV IAD Agreement of 1981," Pennsylvania authorities were required to "dismiss[] with prejudice" the criminal charges lodged against him in two specific complaints

---

[1] The statutory filing fee must be paid at the time any action is commenced, unless the plaintiff seeks in forma pauperis ("IFP") status. 28 U.S.C. §§ 1914(a), 1915. Here, Petitioner did not file an IFP application, but paid the filing fee applicable to petitions for writs of habeas corpus ($5.00) rather than the filing fee and administrative fee applicable to other civil actions ($400.00). Even assuming that Petitioner should have paid the fees applicable to civil complaints, the Court will not dismiss the action solely on that ground.

because he was "returned back to New York" on or about June 10, 1981, before those Pennsylvania criminal charges were disposed of. Id. at 2. In support, Petitioner points to a "Prosecutor's Acceptance of Temporary Custody Offered in Connection With Another Prosecutor's Request for Disposition of a Detainer" and a Request for Temporary Custody, the latter of which was executed by the Northumberland County District Attorney in October 1988 and directed to the superintendent of Auburn Correctional Facility in Pennsylvania, where Petitioner was then incarcerated. Exs. at 3. The Northumberland County prosecutor sought Petitioner's attendance for trial on charges of, *inter alia*, kidnapping, rape, and robbery, after which Petitioner would be returned to New York custody. Id. at 4. Petitioner appears to assert that he was returned to New York authorities before the Pennsylvania charges were adjudicated, requiring dismissal of those charges. Pet. at 2.[2]

Petitioner states that, on February 27, 1989, a "New York Habeas Court[]" granted him relief by ordering that "any criminal charges that were prosecuted" against him *in absentia* due to

---

[2] Although Petitioner cites generally to New York Criminal Procedure Law ("CPL") § 580.00 *et seq.*, Pet. at 2, he appears to be relying on Article III(d) of New York's agreement on detainers, which provides that

> [a]ny request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. . . . If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

CPL § 580.20, Art. III(d).

his New York incarceration be "set aside." Id. at 2–3. One of Petitioner's Exhibits is an order from the Cayuga County Supreme Court, dated February 27, 1989, dismissing a "detainer application filed by the District Attorney of North Cumberland [sic] County." Exs. at 6. The court's order refers to a "petition for habeas corpus submitted by Petitioner seeking to block removal to the State of Pennsylvania and declaring the detainer application to be illegal," but does not further explain the content of the habeas petition. Id.

Petitioner contends that "the Commonwealth of Pennsylvania and its Chief Law Enforcement Officer(s) suppressed evidence of the . . . IAD . . . Agreement and . . . New York Habeas Court Order," and "misrepresented the facts" of his case by alleging that he was a fugitive from justice. Pet. at 3. He requests that the Court compel Respondents "to accord full faith and credit to the New York Habeas Court's" order, and "transfer[] venue" to the United States District Court for the Middle District of Pennsylvania for a hearing to determine whether he is "being held in state custody on the same charges requiring . . . immediate relief." Id. at 3–4.

**III.   LEGAL STANDARD**

Petitioner invokes 28 U.S.C. § 1361, which grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations," and that "federal courts traditionally have used the writ only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (quoting Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26

(1943)). "The prerequisites for issuance of a writ of mandamus are peremptory: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available.'" Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972)).

### IV. DISCUSSION

After carefully considering Petitioner's Petition and Exhibits, the Court concludes that he has demonstrated no basis upon which to grant him mandamus relief. Section 1361 "does not authorize an action to compel a state or state officials to perform a particular duty." Moore v. N.Y. State Appellate Div., Fourth Dep't, No. 10-CV-5952, 2011 WL 703711, at *3 (E.D.N.Y. Feb. 17, 2011). This Court has no jurisdiction to compel Respondents—who are Pennsylvania state officials—to perform any duty or issue any type of decision or order in this case. See id. at *3 ("[The] petition is couched in terms of habeas corpus but [the petitioner] essentially seeks from the federal court what he failed to obtain in the state courts—relief in the nature of mandamus or prohibition directed to [the state court judge]. The federal courts have no general power to compel action by state officials, however.")

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Local Rules. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3),

any appeal from this Decision and Order would not be taken in a good faith, and IFP status is, therefore, denied for the purpose of any appeal.

**IT IS SO ORDERED.**

DATED:   June 28, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge